# MISCELLANEOUS

2016 NOV 14 P 2: 01

G

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PRECISION SPINE, INC., ET AL., | * | Civil Action No.: 3:15cv681-LG-RHW |
| Plaintiffs, | * | |
| versus | * | **16-16343** |
| ZAVATION, LLC, ET AL. | * | **SECT. J  MAG. 2** |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RULE 45 MOTION TO QUASH SUBPOENA ISSUED TO DR. STEPHEN COOK

**MAY IT PLEASE THE COURT:**

Dr. Stephen Cook, through undersigned counsel, respectfully moves this Court for an Order quashing or, in the alternative, modifying the recent Subpoena to Produce Documents, Information or Objects issued by Zavation, LLC and its co-defendants (J2 Manufacturing and Jeffery Snow) to Dr. Cook on October 20, 2016 in Precision Spine, Inc. et al. v. Zavation, LLC, et al., Civil Action No. 3:15cv681-LG-RHW pending in United States District Court for the Southern District of Mississippi.[1] The Court should quash the deposition for the following reasons:

1. On its face, the subpoena does not comport with the procedural requirements of Rule 45(c)(2)(A) of the Federal Code of Civil Procedure (hereinafter "Fed. R. Civ. P.") which limits the scope of a court's subpoena power to compel documents to "*a place within 100 miles of where the [producing] person resides, is employed, or regularly transacts business in person.*"

---

[1] This court has authority to hear the motion at bar pursuant to Fed. R. Civ. P. 45(d), which states: "the court for the district where compliance is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)". This court qualifies as the compliance court under Rule 45(c).

Fee  46.00
Process
X Dktd
CtRmDep
Doc. No.

Rule 45 Motion to Quash_Dr Cook — 1 —

2. The subpoena is, on its face, overbroad, vague, ambiguous, and unlimited in scope. As such, the subpoena fails to identify the information sought with reasonable particularity, imposes an undue burden on Dr. Cook and exceeds the bounds of fair discovery.

3. The subpoena requests the disclosure of confidential, proprietary or trade secret information.

4. The subpoena fails to allow sufficient time for Dr. Cook to review any of the documents that could be responsive to the sweepingly broad requests and, as such, is prejudicial to Dr. Cook.

Furthermore, undersigned counsel certifies that, pursuant to Fed. R. Civ. P. 37, a good faith effort has been made to attempt to confer on this issue without need for court action, but said effort was unsuccessful as of the time of filing of this Motion. Accordingly, and for the reasons more fully set forth in the accompanying memorandum, Dr. Cook respectfully requests that the Court issue an Order pursuant to Fed. R. Civ. P. 45 quashing the subpoena for failure to follow the mandates of Rule 45.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ _____

MEERA U. SOSSAMON (LA Bar No. 34797)
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2120
msossamon@irwinllc.com

*Attorney for Dr. Stephen Cook*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties to this proceeding by mailing the same to each by First Class United States Mail, properly addressed and postage prepaid on this 14 day of November, 2016.