AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

**16-16343 SECT. J MAG. 2**

| Precision Spine, Inc., et al ) | |
|---|---|
| *Plaintiff* ) | |
| v. ) | Civil Action No. 3:15cv681-LG-RHW |
| Zavation, LLC, et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Stephen Cook
Fellowship of Orthopedic Researchers, 320 Metairie-Hammond Hwy, Metairie, LA 70005
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Butler Snow LLP<br>1020 Highland Colony Parkway, Suite 1400<br>Ridgeland, MS 39157 | Date and Time: November 14, 2016 at 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/20/16

**EXHIBIT A**

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Zavation, LLC, J2 Manufacturing LLC, and Jeffrey Johnson_____, who issues or requests this subpoena, are:
John "Jack" Crawford, Butler Snow LLP, 1020 Highland Colony Parkway, Suite 1400, Ridgeland, MS 39157
601-948-5711; jack.crawford@butlersnow.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT "A"

1. All documents and electronically stored information which constitute or reference communication with Precision Spine, Inc., Spinal USA, Inc., Precision Medical, Inc., Spinal USA, LLC or any predecessor or successor entity of the same or any representative, employee or agent acting on their behalf, during the period of December 1, 2009 to present.

2. Any consulting or other agreement of any kind with Precision Spine, Inc., Spinal USA, Inc., Precision Medical, Inc., Spinal USA, LLC or any predecessor or successor entity of the same during the period of December 1, 2009 to present.

3. All contracts, letters of intent or other documents which evidence any agreement with, or investments in or loans to, Precision Spine, Inc., Spinal USA, Inc., Precision Medical, Inc., Spinal USA, LLC or any predecessor or successor entity of the same during the period of December 1, 2009 to present.

4. All documents and electronically stored information which constitute any payment, compensation or other remuneration of any kind which you have received from Precision Spine, Inc., Spinal USA, Inc., Precision Medical, Inc., Spinal USA, LLC or any predecessor or successor entity of the same during the time period of December 1, 2009 to present.

5. All documents and electronically stored information which mention, relate to or concern Zavation, LLC, Zamedica, LLC, J2 Manufacturing, LLC, Jeffrey Johnson and /or Lawrence Walker or any representative, employee or agent acting on their behalf, during the period of December 1, 2009 to present.

6. All documents and electronically stored information which mention, relate to or concern any products marketed by Zavation, LLC during the period of December 1, 2009 to present.

7. All contracts, letters of intent or other documents or agreements which mention, relate to or concern Zavation, LLC f/k/a Zamedica, LLC, J2 Manufacturing, LLC and/or Jeffrey Johnson during the period of December 1, 2009 to present.

8. All documents and electronically stored information sent, received or created during the period of time from December 1, 2009 to the present which mention, relate to or concern either: (a) AL-MS Group, LLC, (b) the real estate lease rental rates charged to or paid by Precision Spine, Inc., Spinal USA, Inc., Precision Medical, Inc., Spinal USA, LLC or any predecessor or successor entity of the same for their design and manufacturing facilities in Flowood, Mississippi, or (c) the market rental value of such leased premises.

# IRWIN FRITCHIE
# URQUHART & MOORE LLC
— COUNSELORS AT LAW —

**16-16343**
**SECT. J MAG. 2**

MATTHEW J. AVERILL
Direct Dial: (504) 310-2119
maverill@irwinllc.com

400 POYDRAS STREET • SUITE 2700
NEW ORLEANS, LOUISIANA 70130
TELEPHONE 504.310.2100
FACSIMILE 504.310.2101
www.irwinllc.com

November 10, 2016

*Via Facsimile and Email*
John "Jack" Crawford
Butler Snow LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157

Re: Subpoena to Produce Documents, Information, or Objects in
Civil Action No. 3:15cv681-LG-RHW

Dear Mr. Crawford,

Dr. Stephen Cook received your subpoena for documents, dated October 20, 2016, in the above-referenced matter seeking various documents involving communications from, in between, or related to the various parties and entities involved in the above-referenced matter. Dr. Cook objects to the subpoena and/or the request contained therein for the following reasons.

First, on its face, the subpoena does not comport with the procedural requirements of Rule 45(c)(2)(A) of the Federal Code of Civil Procedure (hereinafter "FRCP"). FRCP 45(c)(2)(A) governs the production of documents and limits the scope of a court's subpoena power to compel documents to *"a place within 100 miles of where the [producing] person resides*, is employed, or regularly transacts business in person." Because the place of production listed in the subpoena —the Butler Snow office—is located over 100 miles from where Dr. Cook resides and works, the subpoena clearly violates FRCP 45(c)(2)(A).

Second, the subpoena is overbroad on its face and exceeds the bounds of fair discovery. As a result, Dr. Cook objects to the requests to the extent that they are overly broad, irrelevant, vague, ambiguous, unlimited in scope, fail to identify the information sought with reasonable particularity, or impose an undue burden on Dr. Cook. Additionally, Mr. Cook objects to the requests to the extent that the requests seek the production of all documents which "concern" or "relate to" a particular topic on the ground that gathering all documents containing any reference or relationship to a particular topic is unduly burdensome and out of proportion to the documents' potential relevance.

Third, Dr. Cook objects to the subpoena to the extent that it purports to call for the disclosure of information, or the production of documents, that are subject to the attorney-work product protection, the attorney-client privilege, or any other applicable privilege, immunity, or restriction on discovery.

00381865

**EXHIBIT B**

John "Jack" Crawford
November 10, 2016
Page 2

Fourth, Dr. Cook also objects to the subpoena to the extent that it requests the disclosure of confidential, proprietary or trade secret information, or any information subject to a confidentiality agreement or protective order. Without waiving any other objections, any such confidential documentation cannot be provided absent the entry of an appropriate protective order.

Finally, Dr. Cook objects to the subpoena as prejudicial in that it fails to allow sufficient time for Mr. Cook to review any of the documents that could be responsive to sweepingly broad requests.

Please advise as to whether and when you will re-issue a subpoena that complies with the Federal Rules of Civil Procedure and that is more narrowly-tailored, reasonable and proportional so that Dr. Cook can timely and adequately respond to the requests. If not, Dr. Cook will be forced to file a motion to quash the subpoena in the Eastern District of Louisiana—the compliance court under *FRCP 45(d)(3)(A)*.

If you would like to discuss the subpoena and its scope in more detail, please give me a call.

Very truly yours,

IRWIN, FRITCHIE, URQUHART & MOORE, LLC

Matthew J. Averill

MJA/rob

00381865